PER CURIAM.
Appellant Verizon Florida, Inc. sought a declaration that it is not required to be certified by, licensed by, or registered with appellee Florida Department of Business and Professional Regulation, Electrical Contractors’ Licensing Board, in order for Verizon’s own in-house employees to perform routine maintenance and inspections on fire alarm systems that Verizon voluntarily installs in its buildings to detect fire. Verizon asserted that it is not engaged in “contracting” and thus not subject to the Board’s regulation. Alternatively, Verizon argues that it would qualify for statutory *630 exemption for public utilities because it is a telecommunication company regulated by the Federal Communications Commission and the Florida Public Service Commission.
Verizon owns or leases buildings throughout Florida for its exclusive use in conducting its telecommunications business. Although not required to do so by law, Verizon installs fire alarm systems in its buildings on a voluntary basis, and hires outside, licensed contractors to install and perform the initial inspections on such systems. Verizon proposes to use its own trained and certified in-house employees to perform the routine maintenance and inspections of these systems, but not to install, expand, or replace the systems. Verizon does not provide, nor does it hold itself out to the public or to any third parties as providing, fire alarm system contracting services.
The Board determined that if Verizon’s own employees perform routine inspection and maintenance on its fire alarm systems, then Verizon is receiving an economic benefit from those services. Based on that reasoning, the Board ruled that Verizon must become a licensed alarm system contracting company if it desires to have its own employees perform these services. The Board further found that Verizon is not exempt from the licensure requirement under the “public utilities” exemption provided in section 489.503(4), Florida Statutes (2001), because it is not a “public utility” and its maintenance and inspection of fire alarm systems is not “incidental” to its telecommunications business. Verizon argues that the Board erred as a matter of law on these issues. We agree with Verizon’s first argument and reverse the Board’s declaration that Verizon must be licensed under Chapter 489 because its described activities do not constitute “contracting” pursuant to section 489.505(9), Florida Statutes (2001). Because of our ruling, we do not reach Verizon’s alternative argument that it is exempted because it is a public utility.
The Board was created to regulate those persons and entities that engage in the occupation of “contracting.” § 489.501, Fla. Stat. (2001). According to section 489.505(9), “contracting” means engaging in a business as a contractor or performing electrical or alarm work for compensation. Also, the detailed requirements of the chapter are made applicable only to persons “engaged in the business of contracting.” § 489.513(1), Fla. Stat. (2001). An alarm system contractor is “a person whose business includes the execution of contracts requiring the ability, experience, science, knowledge, and skill to lay out, fabricate, install, maintain, alter, repair, monitor, inspect, replace, or service alarm systems for compensation, including, but not limited to, all types of alarm systems for all purposes.” § 489.505(2), Fla. Stat. (2001). Thus, the purpose of the statutes is to ensure that those persons and entities that hold themselves out to the public for hire as electrical and alarm system contractors meet the stated criteria and are subject to regulation. It is undisputed that Verizon is not holding itself out to the public for hire as an electrical and alarm system contractor.
The Board found that “Verizon will not receive direct compensation for the work done by its employees on these fire alarm systems, but will benefit economically.” Accordingly, the Board held that the “for compensation” element of section 489.505(9) would be satisfied. Verizon argues, and we agree, that the Board’s interpretation is inconsistent with the commonly understood meaning of providing services to someone in exchange for remuneration for such services. See Black’s Law Dictionary 277 (7th ed.1999)(defining *631 “compensation” as receiving remuneration for services rendered).
Accordingly, we hold that Verizon is not required to be licensed under Chapter 489 for its described activities because it is not a “contracting” entity as defined in section 489.505(9), Florida Statutes (2001).
REVERSED.
WEBSTER, PADOVANO and POLSTON, JJ., concur.